UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JULIE DEEANN VICK,**

    **Plaintiff,**

vs.

**BAPTIST HEALTH CARE CORPORATION.,**
**A Florida Not for Profit Corporation,**

    **Defendant.**
_____/

CASE NO.:

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JULIE DEANN VICK ("Ms. Vick" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, BAPTIST HEALTH CARE CORPORATION. ("BAPTIST" or "Defendant"), a Florida Not For Profit Corporation, and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action for interference and retaliation pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"). Plaintiff is seeking damages including Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and

reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FMLA and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, et seq.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff is an adult individual who worked for Defendant in Santa Rosa County, Florida, and this venue is therefore proper.

5. Defendant is a Florida Not for Profit Corporation that operates and conducts business in Santa Rosa County, Florida, and is therefore within the jurisdiction of this Court.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least

1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## STATEMENT OF FACTS

8. Ms. Vick worked for Defendant, most recently as an Executive Assistant, from August 17, 2009, until her unlawful and retaliatory termination on January 2, 2020.

9. Ms. Vick suffers from vestibular neuronitis, migraine headaches, vertigo, and intermittent asthma, all of which are considered serious health conditions under the FMLA.

10. In July 2019, Ms. Vick started suffering flare ups of her severe migraines and vertigo.

11. Accordingly, Ms. Vick swiftly informed Defendant's Supervisors, Doctor David Joyner ("Dr. Joyner"), and Julie Kellen, of the recent flareup of her serious health conditions.

12. As such, beginning in July of 2019, Ms. Vick utilized intermittent FMLA more frequently than she had done before, due to the recent flareup in her disabling serious health conditions.

13. In early September of 2019, impatient and annoyed with Ms. Vick's utilization of FMLA leave, Defendant began interfering with, and retaliating against, Ms. Vick for taking intermittent FMLA leave.

14. Accordingly, that month, Defendant issued Ms. Vick a retaliatory write-up accusing of generally "making mistakes" and "not doing a good job."

15. Defendant subsequently escalated its interference and retaliation of Ms. Vick by placing her on a "performance improvement plan," which Ms. Vick completed successfully.

16. In December 2019, Ms. Vick's asthma was triggered by a bout of the flu, and she utilized several days' worth of intermittent FMLA leave in order to treat and address her disabling serious conditions at that time.

17. Shortly thereafter, on January 2, 2020, Dr. Joyner called Ms. Vick into a meeting with representatives of Defendant's Human Resources Department. At that time, Defendant informed Ms. Vick that it had decided to terminate her employment, effective immediately.

18. Defendant attempted to characterize its extreme adverse employment action against this long-time loyal servant as attributable to Ms. Vick somehow not performing up to Defendant's expectations. This is a pure pretext.

19. In reality, Defendant clearly retaliated against Ms. Vick for suffering from serious health conditions, and for requesting, requiring, and undergoing unpaid FMLA leave in order to treat and address same.

20. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination.

21. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

22. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of approved FMLA protected leave.

23. Plaintiff has suffered damages as a result of Defendant's conduct.

24. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24, above.

26. At all times relevant hereto, Plaintiff was protected by the FMLA.

27. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

28. At all times relevant hereto, Plaintiff was protected from

interference under the FMLA.

29. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave.

34. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

35. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff,

because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 9th day of February, 2021.

    Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com